cc: JMS

**ORIGINAL**

KENJI M. PRICE #10523
United States Attorney
District of Hawaii

MARC A. WALLENSTEIN #10456
Assistant United States Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Fax:           (808) 541-2958
E-Mail: marc.wallenstein@usdoj.gov

LAURA CONNELLY
Trial Attorney
JUSTIN WEITZ
Assistant Chief
Fraud Section, Criminal Division
U.S. Department of Justice
Telephone: (202) 307-1423
E-mail: laura.connelly@usdoj.gov
E-mail: justin.weitz@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
SEP 05 2019
at 12 o'clock and 25 min. PM
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) CR. NO. CR19 00125 JMS |
|---|---|
| Plaintiff, | ) INFORMATION |
| vs. | ) [18 U.S.C. §§ 1349 and 371] |
| JOHN WINSLETT, | ) |
| Defendant. | ) |

## INFORMATION

The U.S. Attorney charges:

## **GENERAL ALLEGATIONS**

1. From in or about and between August 2011 and May 2019, both dates being approximate and inclusive, JOHN WINSLETT, the defendant, was employed as Senior Construction Manager by Company A.

2. Company A was formed and registered with the Virginia State Corporation Commission on December 19, 2007. Company A's principal offices are located in Maine. Company A is a federal contractor that has been awarded multiple government contracts to assist in maintaining U.S. Department of Defense ("DOD") properties, including the Mission Support Element Hawaii, Range Division, U.S. Army Pacific, Schofield Barracks, Hawaii ("the Range"). In total, Company A has received at least $19 million in DOD contracts for work at the Range.

3. WINSLETT is the principal owner of Pacific Construction Consultant, LTD ("PCC"). PCC is a domestic corporation that was formed and registered in Nevada on December 1, 2009.

4. During the time of the conspiracy, Victor Garo was employed as Supervisory Range Officer by the U.S. Army at the Range. As part of his duties,

Garo identified and recommended contract vehicles for the U.S. Army to use to meet its contracting requirements for work at the Range.

5.  During the time of the conspiracy, Franklin Raby was the Range Operations Manager at the Range and an employee of the U.S. Army and DOD. Franklin Raby retired in or about May 2018, after accepting a job as a Program Manager for Company A.

6.  Individual 1 was the owner of Company B, a general contracting business based in Oahu, Hawaii. Company B is one of Company A's primary subcontractors.

Count 1
Conspiracy to Commit Honest Services Wire Fraud
(18 U.S.C. § 1349)

**The Conspiracy and its Objects**

7.  Paragraphs 1 through 5 of the General Allegations are re-alleged and incorporated by reference as though fully set forth herein.

8.  From between in or about 2011 and in or about 2019, both dates being approximate and inclusive, within the District of Hawaii and elsewhere, JOHN WINSLETT, the defendant, conspired with others known and unknown to commit honest services wire fraud, that is, having devised and intended to devise a scheme to defraud, that is, to deprive the United States Department of Defense and the citizens of the United States of the intangible right to Victor Garo and Franklin

Raby's honest services through bribes and kickbacks, did transmit and cause to be transmitted, by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures and sounds, for the purpose of executing the scheme to defraud, in violation of Title 18, United States Code, Sections 1343 and 1346.

## Manner and Means of the Conspiracy

9. In furtherance of the conspiracy, and to accomplish its objects, the members of the conspiracy, and others known and unknown, used the following manner and means:

   a. WINSLETT would, directly and indirectly, corruptly give, offer, and promise things of value to Garo and Raby;

   b. In return for these things of value, Garo and Raby would use their positions and influence within DOD to advocate for and advance the interests of Company A, as opportunities arose;

   c. In return for these things of value, Garo and Raby recommended that the U.S. Army use particular contract vehicles that WINSLETT, Garo, and Raby knew would make it more likely that the underlying contracts would be awarded to Company A, and did in fact cause contracts to be awarded to Company A.

## Overt Acts

10. In furtherance of the conspiracy, and to effect the objects of the conspiracy, WINLSETT committed acts within the District of Hawaii and elsewhere, including but not limited to the following:

   a. On or about March 8, 2017, WINSLETT purchased a 2017 Jeep Rubicon for Garo. Garo later titled the Jeep his own name and arranged to ship it from the U.S. mainland to his residence on Oahu. Garo did not pay WINSLETT the value of the vehicle.

   b. At various times throughout the conspiracy, WINSLETT purchased firearms for Garo and shipped them to Garo's residence on Oahu. Garo did not pay WINSLETT the value of the firearms.

   c. In or about August 2017, WINSLETT shipped a custom rifle to the Raby's residence in Ewa Beach, HI.

   d. On or about November 14, 2017, WINSLETT wrote to GARO and RABY saying, "Frank this is the preliminary PWS [Performance Work Statement]. The final will follow tomorrow from Chuck and will contain the maps. PLEASE review so we can get all the bugs out before submittal. I am also sending a Draft letter to the COE for your review. Got a lot riding on this so hope it works." The e-mail from WINSLETT to RABY and GARO contained an attachment which was

a Performance Work Statement for a contract for which Company A planned to bid.

e. On or about April 4, 2018, Raby emailed WINSLETT and other Company A employees a document containing the Fiscal Year 2019 Work Plan for the U.S. Army Garrison of Hawaii, which included the projected budget for thirteen different projects, cumulatively valued at $7,733,000. The fact that the government had budgeted $7,733,000 for the projects was confidential bid or proposal information.

All in violation of Title 18, United States Code, Section 1349.

Count 2
Conspiracy to Accept Kickbacks
(18 U.S.C. § 371)

**The Conspiracy and its Objects**

11. Paragraphs 1 through 3 and 6 of the General Allegations are re-alleged and incorporated by reference as though fully set forth herein.

12. From in or about and between 2011 and 2019, both dates being approximate and inclusive, within the District of Hawaii and elsewhere, JOHN WINSLETT, the defendant, and others known and unknown, did knowingly and unlawfully combine, conspire, confederate, and agree to commit certain offenses against the United States, namely, Violation of the Anti-Kickback Act, Title 41, United States Code, Sections 8702 and 8707, that is, defendant WINSLETT

knowingly and willfully solicited, accepted, and attempted to accept kickbacks from Individual 1 and Company B for the purpose of improperly rewarding favorable treatment in connection with Individual 1's company obtaining and maintaining subcontracts from WINSLETT's employer; and WINLSETT and his co-conspirators took overt acts in furtherance of this conspiracy and to effect its unlawful objects.

13. It was the purpose of the conspiracy for WINSLETT, Company B, Individual 1, and other members of the conspiracy to enrich themselves by exchanging things of value for the awarding of Company A's subcontracting business to Company B.

### Manner and Means of the Conspiracy

14. In furtherance of the conspiracy, and to accomplish its objects, the members of the conspiracy, and others known and unknown, used the following manner and means:

    a. WINSLETT would solicit, accept, and attempt to accept a kickback from Individual 1 and his company, Company B;

    b. In exchange for the kickbacks, WINSLETT recommended that Company B be used as a subcontractor on federal contracts in which Company A served as the prime contractor;

     c. WINSLETT knew that he was being compensated in order to continue subcontracting Company A's federal contracting work to Company B.

## Overt Acts

15. In furtherance of the conspiracy, and to effect the objects of the conspiracy, GARO committed overt acts within the District of Hawaii and elsewhere, including but not limited to the following:

     a. On or about October 5, 2017, Individual 1 through Company B's account wired $40,000 to WINSLETT at his PCC account.

     b. On or about February 1, 2018, Individual 1 through Company B's account wired $40,000 to WINSLETT at his PCC account.

All in violation of Title 18, United States Code, Section 371.

## NOTICE OF FORFEITURE

1. The allegations contained in all paragraphs of Count 1 of this Information are hereby realleged and incorporated herein by reference for the purpose of noticing forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461.

2. The United States hereby gives notice to the defendant that, upon conviction of the offense charged in Count 1 of this Information, the government will seek forfeiture, in accordance with Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), of any and all

property, real or personal, that constitutes or is derived from proceeds traceable to the conspiracy to commit an offense contrary to 18 U.S.C. § 1343, which is a "specified unlawful activity" as defined in 18 U.S.C. § 1956(c)(7), including but not limited to $723,333.33 in United States currency.

3.  If any of the property described above, as a result of any act or omission of a defendant:

> a.  cannot be located upon the exercise of due diligence;
>
> b.  has been transferred or sold to, or deposited with, a third party;
>
> c.  has been placed beyond the jurisdiction of the Court;
>
> d.  has been substantially diminished in value; or
>
> e.  has been commingled with other property which cannot be

divided without difficulty;

//

//

//

//

//

//

//

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

DATED: September 5, 2019, at Honolulu, Hawaii.

_____
KENJI M. PRICE
United States Attorney
District of Hawaii

_____
MARC A. WALLENSTEIN
Assistant United States Attorney

United States v. John Winslett
Information
Cr. No.